NUMBER 13-03-00744-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

ARNOLD HARMS A/K/A ARNOLD C. HARMS,
JR.,                       Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 319th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum Opinion by
Justice Hinojosa








A jury found appellant, Arnold Harms a/k/a Arnold C.
Harms, Jr., guilty of one count of burglary of a habitation with intent to
commit a felony offense to an elderly individual[1]
and one count of injury to an elderly individual with a deadly weapon.[2]  The jury also made an affirmative finding
that appellant used or exhibited a deadly weapon during the commission of both
offenses.  The jury assessed appellant=s punishment at (1) ten years= imprisonment and a $10,000 fine for the burglary of
a habitation count and (2) fifteen years= imprisonment and a $10,000 fine for the injury to
an elderly individual count.  The jury
recommended that the ten-year prison sentence for the burglary of a habitation
count be suspended and that appellant be placed on community supervision for
ten years.  The trial court followed the
recommendation, suspended the ten-year prison sentence for the burglary of a
habitation count and placed appellant on community supervision for ten
years.  The trial court has certified
that this is not a plea-bargain case and appellant has the right of appeal. See
Tex. R. App. P. 25.2(a)(2).  In a single point of error, appellant
contends the evidence is factually insufficient to support appellant=s convictions. 
Specifically, appellant asserts the jury=s
rejection of appellant=s insanity defense is so against the great weight
and preponderance of the evidence as to be manifestly unjust.  We affirm.        

                                                   A.  Factual
Background

On June 13, 2003, appellant entered 67-year-old
Gerald Kipp=s home through the garage side door, went upstairs
to his bedroom, and attacked him with a butcher knife.  Appellant stabbed Kipp approximately eight
times.  When police officers arrived,
they separated the two men and arrested appellant.








Appellant testified that he went over to talk to
Kipp.  After knocking loudly on the front
door and getting no response, he went around and found the garage side door
open.  Appellant called out for Kipp and,
getting no response, entered the home. 
He then went upstairs to a room where he noticed a light was on.  As he entered the room, appellant found his
ex-wife lying naked in bed with Kipp. 
Appellant testified that he was horrified, his legs were shaking, and he
turned and ran downstairs.  Everything then
went black.  When appellant Asnapped out of it,@
somebody was holding a knife on him and the police were present.

            Dr. Raul Capitaine, a psychiatrist,
testified as an expert witness for appellant. 
Dr. Capitaine opined that appellant was insane at the time of the
offense and, because of that defect, did not know his conduct was wrong.  Dr. Capitaine testified appellant did not
remember anything that happened after he saw his ex-wife naked in bed with
another man.      Dr. Joel Kutnick, a psychiatrist, testified as an expert witness
for the State.  Dr. Kutnick said he
believed appellant was terribly depressed and very emotionally disturbed.  However, he did not believe appellant was
insane at the time of the offense.  By
its guilty verdict, the jury implicitly found appellant was not insane at the
time of the offense. 

                                  B.  Factual
Sufficiency of the Evidence








When we review a claim that a jury=s finding against the defense of insanity is so
against the great weight and preponderance of the evidence, we consider all
evidence relevant to the issue of insanity in a neutral light to determine
whether the finding against the affirmative defense is so against the great
weight and preponderance of the evidence as to be manifestly unjust.  Bigby v. State, 892 S.W.2d 864, 875
(Tex. Crim. App. 1994); Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim.
App. 1990); Love v. State, 909 S.W.2d 930, 943 (Tex. App.BEl Paso 1995, pet. ref=d); see
also Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  We inquire whether a rational trier of fact
could have determined the defendant failed to prove the defense of insanity by
a preponderance of the evidence. Love, 909 S.W.2d at 943.  Even where the finding of guilt might be
adequately supported if taken alone, it may still be against the great weight
and preponderance of the evidence when viewed using the proper standard.  Bigby, 892 S.W.2d at 875.  The issue of insanity at the time of the
offense lies within the province of the jury, and this Court will overturn the
jury=s decision only where insanity is undisputed or
resolved to one end of the spectrum outside the realm of discretion.  Id. at 878.  We may reverse a jury's finding only if the
verdict is so against the great weight and preponderance of the evidence that
it is Amanifestly unjust,@ Ashocks the conscience,@ or Aclearly demonstrates bias.@  Meraz,
785 S.W.2d at 154.

                                                                  C.  Analysis

To establish an
insanity defense, a defendant must prove by a preponderance of the evidence
that, at the time of the offense, he, as a result of severe mental disease or
defect, did not know that his conduct was wrong.  Ward v. State, 787 S.W.2d 116, 117 (Tex.
App.BCorpus Christi 1990, pet. ref'd).  Expert testimony on the issue of a person's
inability to determine right from wrong does not establish insanity as a matter
of law.  Graham v. State, 566
S.W.2d 941, 943 (Tex. Crim. App. 1978). In fact, while expert testimony may be
helpful to a jury, the issue of insanity is outside the purview of medical
experts and should be left to the discretion of the trier of fact.  Id. at 952‑53.








Dr. Capitaine, appellant=s expert witness, said appellant experienced
disassociative states during which he was unable to distinguish right from
wrong.  Dr. Capitaine opined that
appellant suffered from disassociative amnesia and could not remember anything
that happened during the commission of the offense.  Experiencing the trauma of seeing the woman
he believed to be his wife, naked in bed with another man, made appellant lose
complete contact with reality and made him enter a disassociative state.  It was Dr. Capitaine=s expert opinion that appellant was legally insane
at the time of the offense.  On
cross-examination, Dr. Capitaine admitted that his diagnoses of Aadjustment disorder and disassociative amnesia are
not serious mental illness.@

Dr. Kutnick, the State=s
expert witness, testified that even if appellant suffered memory loss as he
claimed, he still had his full mental faculties at the time of the offense and
that appellant=s rage and anger, which had been building over a
period of months, did not constitute a mental illness or prevent him from knowing
that his attack on Kipp was wrong.  Dr.
Kutnick testified that appellant=s rage and hostility stemmed from his obsession with
his ex-wife, but Aincreasing rage and hostility still allow you to
know that certain actions are wrong.@  Dr. Kutnick
stated that even though a person has memory loss due to disassociative amnesia,
Awhile the event is going on they have their full
mental faculties.@

While no single piece of evidence is dispositive,
the record clearly shows controverting evidence regarding whether appellant
knew the difference between right and wrong. 
We conclude that a rational trier of fact could have resolved the
conflicting testimony regarding legal insanity against appellant.  We hold that the jury=s implicit rejection of appellant=s insanity defense is not so against the great
weight and preponderance of the evidence that it is Amanifestly unjust,@ Ashocked the conscience,@ or Aclearly demonstrated bias.@  Accordingly,
we overrule appellant=s sole point of error.  

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

Memorandum
Opinion delivered and filed this

the
4th day of August, 2005.











[1] See Tex.
Pen. Code Ann. ' 30.02 (Vernon 2003).





[2] See Tex.
Pen. Code Ann. ' 22.04 (Vernon 2003).